UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH JOHNSON, JR., | No. C 05-4916 SI (pr) |
| Petitioner, | **ORDER OF DISMISSAL WITH LEAVE TO AMEND** |
| v. | |
| EDWARD FLORES; et al., | |
| Respondents. | |

## INTRODUCTION

Joseph Johnson, Jr., currently in custody in the Santa Clara County Jail, filed this pro se action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 to challenge proceedings related to his civil commitment under California's Sexually Violent Predator Act ("SVPA"), see Cal. Welf. & Inst. Code § 6600 et seq. His petition is now before the court for review pursuant to 28 U.S.C. §2243 and Rule 4 of the Rules Governing Section 2254 Cases.

## BACKGROUND

Johnson has been subjected to several civil commitment proceedings in the several years since he completed his prison sentence in 1999. See Order Denying Respondent's Motion To Dismiss, p. 1, in Johnson v. Hunter, No. 05-2064 SI. He was initially civilly committed under the SVPA for a 2-year term starting in May 2000. Id.

Johnson's habeas petition indicates the following basic procedural history: The state filed a petition to recommit him for two more years starting in May 2002. Before the scheduled April

1  2004 trial on the 2002 petition occurred, the state filed another petition to recommit him for two
2  more years for the 2-year term starting in May 2004. The state then moved to consolidate the
3  2002 petition and the 2004 petition for trial. The trial court granted the motion. Johnson
4  petitioned for writ of mandate. The California Court of Appeal stayed proceedings pending its
5  review of the superior court's order consolidating the petitions for trial; eventually, the appellate
6  court granted the writ in November 2004, stating that the petitions should not have been
7  consolidated. The appellate court ordered that the order of consolidation be vacated, the 2002
8  petition be set for trial forthwith, and the probable cause hearing on the 2004 petition should be
9  commenced as expeditiously as possible.[1]

10  Johnson indicates in his habeas petition that his trial was held on the 2002 petition and
11  on September 5, 2005, he was found to be a sexually violent predator. Johnson further indicates
12  that the 2002 petition commitment period ended on May 23, 2004 -- more than a year before the
13  trial on the petition for the commitment occurred. The proceedings on the 2004 petition are now
14  underway, although Johnson does not indicate how far those proceedings have progressed. See
15  Petition, p. 7. He contends that his detention has been "unconstitutional since May 23, 2004,
16  the day the purpose for his detention under the May 2002 extended petition expired." Petition,
17  p. 16.

18  The overarching problem in the petition is the ambiguity as to which particular
19  commitment proceedings Johnson is trying to challenge, i.e., whether it is the proceedings
20  concerning the 2002 petition or the 2004 petition. The argument in his petition confusingly
21  veers back and forth between those proceedings.

---

[1]This information is taken from page 6 of Johnson's habeas petition, which purports to quote Johnson v. Superior Court, 21 Cal.Rptr.3d 21 (2004). The case citation is wrong as there is no Johnson v. Superior Court case at that page. For purposes of initial review, the court will accept that the information Johnson provides is true.

2

**DISCUSSION**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); see also 28 U.S.C. § 2241(c)(3). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. See Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990).

The petition has several problems which require amendment. First, the court cannot determine whether Johnson is challenging the proceedings on the 2002 petition or the proceedings on the 2004 petition. He cannot challenge both in a single habeas petition. He must file an amended petition identifying which of the proceedings he is challenging. His amended habeas petition should challenge one of the two proceedings, but not both. If Johnson wants to challenge both the proceedings on the 2002 petition and the proceedings on the 2004 petition, he must challenge one in his amended petition in this action and file a separate new action with a separate petition to challenge the other. The two proceedings need to be challenged in separate habeas petitions because each has different custody, exhaustion and timeliness concerns. Additionally, each likely would have different relief, if relief was granted.

Second, Johnson makes a confusing mootness argument in his petition, which seems to counsel against, rather than in favor of, this court hearing any challenge to the 2002 petition proceedings. The court does not understand the purpose of including this argument, i.e., whether it was intended as a claim for habeas relief or was included for some other reason. If he intends it as a claim for relief, he needs to articulate the claim in an understandable way, such that his argument explains why "mootness" would violate the constitution, laws or treaties of the United States.

3

Third, the petition appears to have an exhaustion problem as to some or all of the claims. Johnson is cautioned that he must exhaust state court remedies as to all his claims that challenge a judgment of a state court, such as may exist with regard to the proceedings on the 2002 petition. See 28 U.S.C. § 2254(b), (c).

## CONCLUSION

For the foregoing reasons, the petition is DISMISSED with leave to amend. Johnson must file an amended petition no later than **April 21, 2006**. This action will be dismissed if Johnson does not file an amended petition by the deadline.

Johnson's request to proceed in forma pauperis as a non-prisoner is DENIED as unnecessary because the filing fee has been paid. (Docket # 2.)

IT IS SO ORDERED.

DATED: March 3, 2006

SUSAN ILLSTON
United States District Judge